UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-4553** |
| **CASCADE FINANCIAL SERVICES, LLC ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendant Southwest Stage Funding, LLC's Motion to Dismiss (Doc. 10); Defendant Jackson & McPherson, LLC's Motion to Dismiss (Doc. 16); and Defendant Judge Anthony Saleme Jr.'s Motion to Dismiss (Doc. 23). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

Plaintiff filed this *pro se* action arising out of the foreclosure of her property. The exhibits attached to her Complaint reveal that Defendant Southwest Stage Funding, LLC d/b/a Cascade Financial Services ("SSF") instituted an executory process foreclosure action against Plaintiff in the 16th Judicial District Court for the Parish of St. Martin. SSF alleged that Plaintiff had defaulted on the promissory note it held and that the note was secured by

1

a mortgage on Plaintiff's property. Defendant Jackson & McPherson, LLC represented Defendant SSF in the action. On August 18, 2022, the state court judge, Defendant Anthony Saleme, issued an order seizing Plaintiff's property and directing the Sheriff to set it for judicial sale.

Plaintiff's Complaint, filed on October 17, 2022, raises a series of allegations arising from the foreclosure proceeding, including claims under the Real Estate Settlement Procedures Act, the Consumer Financial Protection Act, and the Homeowners Protection Act. Specifically, she alleges that the claims were false, that she was not given an opportunity to show that the amounts had been paid, that SSF was "double dipping," that SSF failed to produce proof of claim, and that SSF did not own the loan. She seeks money damages.

Defendants each separately move for dismissal of the claims against them under Federal Rules of Evidence 12(b)(1) and 12(b)(6) on several grounds. Because this Court finds that the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over this matter, it need not address Defendants' other arguments.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

2

may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## LAW AND ANALYSIS

Defendants each argue that this Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. Plaintiff has not filed an opposition to any Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[4] Accordingly, the Court will consider the merits of Defendants' arguments.

In *Rooker v. Fidelity Trust Co.*,[5] the Supreme Court stated that federal district courts lacked appellate authority to reverse or modify state court decisions, even if erroneous.[6] Six years later, in *District of Columbia Court of Appeals v. Feldman*,[7] the Supreme Court stated that federal courts cannot review state court judicial decisions and cannot address claims "inextricably

---

[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of La. (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[5] 263 U.S. 413 (1923).
[6] *See* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005).
[7] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

intertwined" with the state court decisions.[8] Today, "'the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress."[9]

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Supreme Court addressed the *Rooker-Feldman* doctrine and emphasized that it occupies "narrow ground."[10] The Supreme Court held that the doctrine only applies to: (1) cases brought by state court losers, (2) complaining of injuries caused by state court judgments, (3) rendered before the district court proceedings commenced, and (4) inviting district court review and rejection of those judgments.[11] The two hallmarks of the *Rooker-Feldman* inquiry are thus: (1) "what the federal court is being asked to review and reject," and (2) "the source of the federal plaintiff's alleged injury."[12] If the federal court is being asked to review a decision from a state court judicial proceeding, and the state court judgment is the source of the injury, then the *Rooker-Feldman* doctrine denies the federal court of subject matter jurisdiction.[13]

Here, Plaintiff's claims satisfy every prong of the *Rooker-Feldman* doctrine. Plaintiff is a "state court loser" because her property was seized and sold in a foreclosure proceeding in state court. She complains that the foreclosure of her property, which occurred two months prior to the filing of

---

[8] *See Exxon*, 544 U.S. at 285–86.
[9] Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013) (quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004)).
[10] *Exxon,* 544 U.S. at 284.
[11] *Id.*
[12] *Truong*, 717 F.3d at 382.
[13] *See id.* at 382–83.

this Complaint, was improper or false. She invites this Court to consider whether the foreclosure was improper, fraudulent, or in violation of federal law. Accordingly, Plaintiff's claims are "inextricably intertwined" with the prior state court foreclosure proceeding. Pursuant to the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review the state court's order of foreclosure. Plaintiff "had an adequate opportunity in state court to adjudicate her claim that the defendants fraudulently [or improperly] obtained a writ of seizure and sale."[14] The Fifth Circuit and other sections of this Court have reached the same result in similar cases.[15]

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction.

---

[14] Carter v. Deutche Bank Nat. Tr. Co., No. 10-797, 2010 WL 3074323, at *2 (E.D. La. Aug. 2, 2010).

[15] *See* Flores v. Citizens State Bank of Roma, Tex., 132 F.3d 1457 (5th Cir. 1997) (holding that *Rooker-Feldman* applied where "[t]he sole purpose of this action is to review the state court's foreclosure and seizure of property pursuant to the related writ of execution"); Wylie v. Bank of New York Mellon, 856 F. Supp. 2d 837, 844 (E.D. La. 2012) (holding that a mortgagor's claim for damages for obtaining a foreclosure though fraud in violation of the FDCPA and LUTPA was precluded by *Rooker-Feldman* because the claims were inextricably intertwined with those asserted in prior state-court foreclosure proceeding) (Brown, J.); *Carter*, 2010 WL 3074323 (holding that a mortgagor's claims of violations of the Real Estate Settlement Procedures Act were inextricably intertwined with a state court's judgment ordering issuance of writ of seizure and sale and therefore barred by the *Rooker–Feldman* doctrine) (Vance, J.); Johnson v. CitiMortgage, Inc., No. CV 16-892, 2017 WL 699806, at *5 (E.D. La. Feb. 22, 2017) (holding that claims to enjoin seizure and sale and to obtain damages were precluded by *Rooker-Feldman* doctrine) (Lemelle, J.).

New Orleans, Louisiana this 26th day of May, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**